JOHN J. KELLY, PLAINTIFF-RESPONDENT, v. HARRY N. FORMAN, DEFENDANT-APPELLANT.

Submitted May 5, 1942—Decided August 27, 1942.

Before Justices BODINE, HEHER and PERSKIE.

For the appellant, *Durand, Ivins & Carton* (*Robert V. Carton*, of counsel).

For the respondent, *Benjamin Kleinberg* (*James Ferrara*, of counsel).

The opinion of the court was delivered by

HEHER, J.   The complaint alleges the defendant lessor's termination of a lease of real estate to plaintiff under a stipulation binding the lessor, in that event, to pay $250 to the lessee upon the surrender of the premises and the payment of the rent reserved, and prays the recovery of the stipulated sum.   The District Court judge, sitting without a jury, awarded judgment to plaintiff for the full amount claimed; and the defendant now assigns for error the admission into evidence, over his objection, of what purports to be a receipt for one month's rent for the premises, and the denial of his motions for a nonsuit and for the "direction of a verdict" in his favor.   If there was no evidence to sustain the judg-

ment, there is error in matter of law therein remediable on appeal under *R. S.* 1937, 2:27-358. *Pollack* v. *New Jersey Bell Telephone Co.*, 116 *N. J. L.* 28.

The agreed state of the case reveals that there was evidence tending to show that the lease in question was made on October 9th, 1937; and that at that time, or shortly thereafter, plaintiff entered into possession of the premises, and remained in possession until September 9th, 1940, when he vacated in response to a notice to that effect served by defendant on July 31st, 1940. The receipt referred to was offered as evidence of the payment of rent for the month of August, 1940. It was not signed by defendant; and the grounds of objection to its admission as evidence were that, although the signer was employed in the office of a corporation of which defendant was president, it was not proved that she was defendant's agent authorized to receive payment of the rent, and that the payment was made by the check of a third person, and there was therefore no evidence that the rent in question had actually been paid to defendant.

We think there was no error in this ruling. Defendant admitted that he had been informed by the signor of the receipt that she had accepted the check in payment of the rent, but he said that he directed her "to return the check" to plaintiff, and he "did not know what had become of" it. Thus, there were questions of fact respecting agency and payment.

Moreover, the point made by defendant below was that the payment of the rent was a condition precedent to the right to the sum sued for, and it was therefore not recoverable. There was no demand for a set-off for rent in arrears; and it is not maintained here that there was error in not allowing defendant credit therefor. These stipulations are mutually independent. There is no indication of an intention to make the fulfillment of the provision for the payment of rent a condition precedent to the performance of the obligation to pay the sum specified in the event of a termination of the lease by the lessor before the expiration of the term. Compare *Corn Exchange National Bank and Trust Co.* v. *Taubel*, 113 *N. J. L.* 605.

The contract between these parties took the form of a stipulation, signed by both, at the foot of a lease for the same premises made between defendant and one Samuel G. Forman, Jr., on July 1st, 1936, for a term of one year; and the further contention is made that, since the signatures to the earlier lease were not authenticated, there was no proof of a "valid agreement between the defendant" and Samuel G. Forman, Jr., and so "the terms" of plaintiff's lease were not established. The argument is predicated upon the hypothesis that the provisions of the lease between defendant and Samuel G. Forman, Jr., were not incorporated in the stipulation between plaintiff and defendant in terms sufficiently certain and definite to create a binding obligation in respect thereof. And it is said that, at all events, "the terms of the two are so inconsistent as to be repugnant to each other," and therefore "the incorporation by reference is invalid."

These points are not well taken. The agreed case discloses evidence adduced from plaintiff that the lease made to Samuel G. Forman, Jr., and the subjoined stipulation constituted the contract between plaintiff and defendant; and it also reveals that the objection to the admission of the paper voiced in the court below was merely that the signatures of the parties to the lease made to Samuel G. Forman, Jr., had not been proved. Thus it was open to the trier of the facts to find that the lease between the parties to this action was for a definite term, and that it contained by mutual consent the provision respecting termination as it was embodied in the lease to Samuel G. Forman, Jr. On the record made, we are obliged to assume that such was the finding, and, there being evidence to support it, it is conclusive here. The contention has not been made that the termination clause had reference only to the original term prescribed by the lease between plaintiff and defendant, and was not thereafter effective; and therefore we have no occasion to consider that question.

The judgment is accordingly affirmed, with costs.